

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| RYAN PRICE, | ) | CV 09-173-M-DWM-JCL |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| SANDY HEEDON, et al. | ) | |
| Defendants. | ) | |

Plaintiff Ryan Price, proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983 alleging Defendants failed to prevent his daughter from being "kidnaped," and harmed him through convicting and sentencing him in violation of the Constitution. Pursuant to 28 U.S.C. § 636(b), the matter was referred to Magistrate Judge Lynch, who issued Findings and Recommendation on December

1

18, 2009, recommending that Price's complaint be dismissed. Price timely objected to the Findings and Recommendation on December 23, 2009, and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). On that same day, he also filed an amended claim, and a motion for the undersigned to recuse himself. Despite Price's objections, amended claim, and motion to recuse, I agree with Judge Lynch's analysis and conclusions. Because the parties are familiar with the factual and procedural background, it will not be restated here.

I

Price alleges that Defendants failed to prevent his daughter from being kidnaped by her mother and taken to Taiwan. He also challenges his criminal conviction and the revocations of his parole.

Judge Lynch determined that Price's allegations regarding the "kidnaping" of his daughter are time barred. Price claims his daughter was kidnaped in 2000. Under Montana law, the applicable statute of limitations is three years. Mont. Code. Ann. § 27-2-204(1).

As for his challenges to his conviction and revocations, Judge Lynch found these allegations are barred by the Heck doctrine. Heck v. Humphrey, 512 U.S. 477, 487 (1994) ("[A] section 1983 suit . . . [that] would necessarily imply the

2

invalidity of [plaintiff's] conviction or sentence . . . must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated.").

## II

### a.

Price moves that I recuse myself from this matter because I am one of 32 defendants named in the action. In 2005, Price filed a habeas petition in this Court. That petition included information about the purported kidnaping of Price's daughter. In light of the information revealed in that proceeding, Price now alleges I violated his constitutional rights by failing to "sprint to the F.B.I and say 'stop the presses'," "call a press conference," "write the [the local newspaper]," or otherwise "just 'chop some wood'" to protect his daughter. Compl. 15.

Pursuant to 28 U.S.C. § 455(b)(5)(i), a judge "shall recuse himself" when he is a party to an action. This requirement, however, is not absolute. In order to avoid gamesmanship by litigants, a plaintiff may not file frivolous actions against a judge only then to move to disqualify the judge based on that action. See United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986). Similarly, "even when the judge is initially named in a lawsuit, where the allegations are so palpably lacking

in merit and integrity, the judge may, and should remain in the case to deal with the spiteful plaintiff." Mellow v. Sacramento County, 2008 WL 2169447, at *3 (E.D. Cal. May 23, 2008). Otherwise, courts could be abused at the behest of litigants.

Judge Lynch reviewed these claims. He found them time-barred. I do not disagree. I would add, however, that the claims against me are copmletely outlandish and lack any basis in law. As such, they are frivolous too. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Accordingly, the motion to recuse shall be denied.

**b.**

Price also moves to amend his claim. He seeks to add others who have shown a callous indifference to his constitutional rights based on their failure to prevent his daughter's alleged kidnaping. Price has a right to amend his complaint as a matter of course under Fed. R. Civ. P. 15. The motion will thus be granted. However, adding these individuals to his Complaint does not otherwise alter the calculation of the statute of limitations. Accordingly, Judge Lynch's analysis of Price's Complaint and ultimate finding that the action is untimely still applies.

**c.**

Finally, Price objects that federal judges are required to follow the

4

Constitution. I agree. Price fails to identify how Judge Lynch disregarded the Constitution. After reviewing the file along with Judge Lynch's analysis, I find nothing unconstitutional in Judge Lynch's Findings and Recommendation, or any other reason I should not adopt them in full.

### III

In accordance with the foregoing,

IT IS HEREBY ORDERED that Price's Motion to Amend Claim (dkt #7) is GRANTED.

IT IS FURTHER ORDERED that Price's Motion to Recuse (dkt #8) is DENIED.

IT IS FURTHER ORDERED that the Findings and Recommendation (dkt # 5) are adopted in full;

As such, IT IS ORDERED that Plaintiff's Amended Complaint is DISMISSED for failure to file within the applicable statute of limitations and failure to state a claim upon which relief may be granted. The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure;

Finally, IT IS ORDERED that the docket shall reflect that the Court certifies pursuant to Fed.R.App.P. 24 (a)(3)(A) that any appeal of this decision would not

be taken in good faith.

Dated this 9th day of March, 2010.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court